**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSSETTS**

| | |
|---|---|
| **AMANDA TIRADO,** Individually and On Behalf of All Others Similarly Situated**,**<br><br>Plaintiff,<br>-against-<br><br>**TARGET CORPORATION** and **TARGET.COM,**<br><br>Defendants. | **CLASS ACTION COMPLAINT** |

**COMPLAINT**

Plaintiff Amanda Tirado ("Plaintiff"), on behalf of herself and all others similarly situated, bring this class action against **TARGET CORPORATION** ("TARGET") and **TARGET.COM** (together, the "Defendants"), and respectfully show the following:

**NATURE OF THE CASE**

Plaintiff brings this class action suit on behalf of herself and all other persons and entities in the United States to redress the Defendants' failure to adequately safeguard certain credit card and debit card information and related data.

This action arises from what may be one of the largest data security breach ever to occur in the United States. On December 19, 2013, Defendants publicly announced that it failed to maintain adequate data security over customer credit card and debit card data that was accessed and stolen by computer hackers. See **EXHIBIT A**. The sensitive customer information was stolen from Defendants' computer network, which handles a wide range of financial information for millions of customers including, *inter alia,* credit cards, debit cards linked to checking accounts, and transactions for its merchandise.

As a result, millions of Defendants' customers have had their personal financial information compromised and/or been exposed to the risk of fraud and identity theft, and otherwise suffered damages.

## PARTIES

1. Plaintiff Amanda Tirado used credit cards and/or debit cards to pay for her purchases between November 27, 2013 and December 15, 2013.

2. Defendant **TARGET CORPORATION** is a Minnesota corporation with its principal place of business located in Minnesota, operating retail stores throughout the United States. It is registered as a foreign corporation in the Commonwealth of Massachusetts.

3. Defendant **TARGET .COM** is a Minnesota corporation is an e-commerce site as part of **TARGET CORPORATION**'s discount retail corporation.

4. Defendants processed the credit card and debit card transactions of Plaintiff and members of the putative class that yielded the sensitive customer financial information that was stolen from Defendants.

5. This Court has diversity jurisdiction over this matter pursuant to 28 U.S .C. § 1332(d)(2)(A), as amended by Public Law 109.2, 119 Stat. 4 (2005), because the proposed Class exceeds 100 members, the amount in controversy exceeds the sum of $5 million (exclusive of interest and costs), and Class members are citizens of a state different than the states in which the Defendants are citizens.

6. At all relevant times, Defendants resided, were found, had an agent or transacted business in the Commonwealth of Massachusetts and District of Massachusetts. A substantial part of the unlawful conduct and omissions giving rise to the claims of the Plaintiffs and Class members

occurred in the District of Massachusetts. Venue, therefore, is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(a).

## FACTS

7. Defendants form one of the largest discount retailers in the United States. Defendants own and operate more than one thousand retail stores and having a thriving online marketplace.

8. Upon information and belief, Target Corporation's subsidiary, Financial and Retail Services issues Target's credit cards, debit cards, and gift cards.

9. On December 19, 2013, Target publicly announced that it discovered that its computer system had been compromised in all their U.S. stores and that anyone who made credit or debit purchases from November 27, 2013 to December 15, 2013 had their name, credit and/or debit card number, the card's expiration date and the CVV compromised by a serious security breach (the "Target Breach" or the "Breach") that occurred when an unauthorized intruder or intruders gained access to Target's payment card data.

10. The Breach resulted in the theft and/or compromise of private, nonpublic personal and financial information belonging to millions of Defendants' customers, including Plaintiff and members of the putative Class, that has left them exposed to fraud and identity theft.

11. Upon information and belief, the stolen and/or compromised information is comprised of the credit card and debit card numbers of over forty (40) million Defendants' customers, including those of the Plaintiffs and Class members.

12. During the Target Breach, the intruders may have also gained access to other private customer information, including customer driver's license numbers (which may contain social security numbers) and checking account information relating to return and exchange transactions. The Plaintiffs' and Class members' credit card, check card and debit card information, driver's

license numbers, social security numbers, checking account information, and other personal and financial information stolen and/or compromised by the Target Breach hereafter collectively referred to as the "Sensitive Personal Information."

13. Defendants indicated that it began investigating the incident "as soon as [they] learned of it" but it did not contemporaneously disclose the breach to Plaintiff and putative class members.

14. Defendants have not made efforts to directly notify individuals whose information was compromised.

15. Defendants have not made efforts to directly notify individuals whose information may have been compromised.

16. Upon information and belief, at the time of the breach, Defendants stored its customers' Sensitive Personal Information on its "Target Payment Card Data" system in violation of Payment Card Industry ("PCI") data security standards and/or card association standards and/or statutes and/or regulations aimed at protecting such information. See Exhibit A.

17. The Sensitive Personal Information of the Plaintiffs and Class members compromised by the Breach includes, without limitation, information that was improperly stored and inadequately safeguarded in violation of, among other things, industry standards, rules and regulations.

18. Defendants handle and process Defendants' credit card and debit card transactions and were (and continue to be) responsible for ensuring that Defendants met PCI data security standards and/or card association standards and/or statutes and/or regulations aimed at protecting such information.

19. Upon information and belief, Defendants failed to monitor and/or ensure Defendants' compliance with such standards, statutes and/or regulations.

## CLASS ACTION ALLEGATIONS

20. All preceding paragraphs are realleged as if fully set forth herein.

21. The Class is defined as all persons and entities within the United States who used credit and/or debit cards at Defendants' physical or online locations between November 27, 2013 and December 15, 2013 and who:

> a. Who had Sensitive Personal information stolen and/or compromised as a result of the Target Breach; and
>
> b. Who are not employees, officers, directors, or agents of Defendants.

22. While the exact number and identities of the Class members are unknown at this time, and can only be ascertained through appropriate discovery, on information and belief, the Class is so numerous, over forty million (40,000,000), that joinder of all Class members is impracticable.

23. The Defendants' wrongful conduct affected all of the Class members in precisely the same way. The impact of

> (i) Defendants improperly storing its customers' Sensitive Personal Information,
>
> (ii) Defendants' failure to safeguard its customers' Sensitive Personal Information,
>
> (iii) Defendants' failure to immediately notify its customers of the Breach and/or notify them directly as soon as practicable after discovering the Breach, and
>
> (iv) Defendants' failure to monitor and ensure Defendants' compliance with pertinent PCI data security standards, card association standards, statutes and regulations is uniform across the Class.

24. Questions of law and fact common to all Class members predominate over any questions affecting only individual Class members including, without limitation:

      (i)      Whether Defendants acted wrongfully by improperly monitoring, storing and/or failing to properly safeguard Defendants' customers' Sensitive Personal Information;

      (ii)     Whether Defendants failed to properly and timely notify the Plaintiff and Class members directly of the Breach as soon as practical after it was discovered; and

      (iii)    Whether the Plaintiff and Class members have been damaged and, if so, the appropriate relief;

25.    Plaintiff's claims are typical of the claims of all Class members because such claims arise from the Defendants' wrongful conduct as alleged above pertaining to Plaintiff's and Class members' Sensitive Personal Information. Plaintiff has no interests antagonistic to the interests of the other Class members.

26.    The Plaintiff will fairly and adequately represent and protect the interests of the Class members. Plaintiff has retained competent counsel experienced in complex commercial litigation and class actions to represent them and the Class.

27.    This class action also provides a fair and efficient method for adjudicating the claims of the Plaintiff and Class members for the following reasons:

      (i)      common questions of law and fact predominate over any question affecting any individual Class member;

      (ii)     the prosecution of separate actions by individual Class members would likely create a risk of inconsistent or varying adjudications with respect to individual Class members, thereby establishing incompatible standards of conduct for the Defendants and/or would allow some Class members'

        claims to adversely affect the ability of other Class members to protect their interests;

  (iii)    Plaintiff anticipates no difficulty in the management of this litigation as a class action; and

  (iv)    the Class is readily definable. Prosecution as class action will eliminate the possibility of repetitious litigation while also providing redress for claims that may be too small to support the expense of individual, complex litigation.

28. For these reasons, a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Certification, therefore, is appropriate under Rule 23(b)(1) or (b)(3) of the Federal Rules of Civil Procedure.

## COUNT I
## BREACH OF FIDUCIARY DUTY

29. All preceding paragraphs are realleged as if fully set forth herein. By virtue of their possession, custody and/or control of the Plaintiff's and Class members' Sensitive Personal Information, and their duty to properly monitor and safeguard it, the Defendants were (and continue to be) in confidential, special and/or fiduciary relationships with the Plaintiff and Class members. As fiduciaries, the Defendants owed (and continue to owe) to the Plaintiff and Class members

  (i)    the commitment to deal fairly and honestly,

  (ii)    the duties of good faith and undivided loyalty, and

  (iii)    integrity of the strictest kind. The Defendants were (and continue to be) obligated to exercise the highest degree of care in carrying out their

responsibilities to the Plaintiff and Class members under such confidential, special and/or fiduciary relationships.

30. The Defendants breached their fiduciary duties to the Plaintiff and Class members by, *inter alia,* improperly storing, monitoring and/or safeguarding the Plaintiff's and Class members' Sensitive Personal Information.

31. To the extent that either of the Defendants are fiduciaries who did not breach the duties outlined above, such Defendant is nonetheless liable because it had knowledge of the breaches of fiduciary duty committed by other fiduciaries, and did not make reasonable efforts under the circumstances to remedy such fiduciary breaches.

32. To the extent that either of the Defendants is not a fiduciary, such Defendant is nonetheless liable because it engaged in transactions with a breaching fiduciary under circumstances in which it knew (or should have known) about such fiduciary breaches.

33. The Defendants breached their fiduciary duties to the Plaintiffs and Class members by their wrongful actions described above. The Defendants willfully and wantonly breached their fiduciary duties to the Plaintiff and Class members or, at the very least, committed these breaches with conscious indifference and reckless disregard of their rights and interests. The Defendants' wrongful actions constitute breach of fiduciary duty at Florida common law.

## COUNT II
## NEGLIGENCE

34. All preceding paragraphs are realleged as if fully set forth herein.

35. Defendants were (and continue to be) in confidential, special and/or fiduciary relationships with the Plaintiff and Class members by virtue of being entrusted with their Sensitive Personal Information. At the very least, therefore, Defendants had a duty to use reasonable means to destroy in a timely manner, and not unnecessarily store, such information.

Defendants also had a duty to safeguard such information to keep it private and secure, including a duty to comply with applicable PCI data security standards, card association standards, statutes and/or regulations. Defendants also had a duty to timely inform the Plaintiff and Class members of the Breach and the fact that their Sensitive Personal Information had been stolen and/or compromised and, upon learning of the Breach, take immediate action to protect Plaintiff and Class members from the foreseeable consequences of the Breach.

36. Defendants also knew (or should have known) that its computer network for processing and storing the Sensitive Personal Information had security vulnerabilities. Target was negligent in continuing to accept, process and store such information in light of its computer network vulnerabilities and the sensitivity of the information.

37. The Breach and the resulting damages suffered by the Plaintiff and Class members were the direct and proximate result of Defendants' improper retention and storage of the Plaintiff's and Class members' Sensitive Personal Information, Defendants' failure to use reasonable care to implement and maintain appropriate security procedures reasonably designed to protect such information, Defendants' delay in notifying the Plaintiff and Class members about the Breach for at least a month and/or Defendants' failure to take immediate and effective action to protect the Plaintiff and Class members from potential and foreseeable damage. Defendants' wrongful actions constitute negligence.

38. When Defendant handled and processed Defendants' credit card and debit card transactions, it came into the possession, custody and control of the Plaintiff's and Class members' Sensitive Personal Information. As such, Defendants were (and continue to be) in confidential, special and/or fiduciary relationships with the Plaintiff and Class members. At the very least, therefore, Defendants had a duty to monitor and safeguard such information to keep it

private and secure, including a duty to ensure that Defendants complied with applicable PCI data security standards, card association standards, statutes and/or regulations.

39.     Defendants knew (or should have known) that Defendants' network for processing and storing Sensitive Personal Information had security vulnerabilities. Defendants were negligent in continuing to process such information in light of those vulnerabilities and the sensitivity of the information.

40.     The Breach was a direct and/or proximate result of Defendants' failure to use reasonable care to ensure that Defendant maintained appropriate security procedures reasonably designed to protect the Plaintiff's and Class members' Sensitive Personal Information. Defendants' wrongful conduct constitutes negligence.

## COUNT III
## NEGLIGENCE PER SE

41.     The preceding factual statements and allegations are incorporated herein by reference.

42.     Pursuant to the Gramm-Leach-Bliley Act (the "Act"), 15 U.S.C. § 6801, Defendants had a duty to protect and keep Sensitive Personal Information secured from its customers private and confidential.

43.     Defendants violated the Act by not adequately safeguarding the Plaintiff's and Class members' Sensitive Personal Information and/or monitoring and/or ensuring that Defendants complied with PCI data security standards, card association standards, statutes and/or regulations designed to protect such information.

44.     Defendants also failed to comply with PCI data security standards, card association standards, statutes and/or regulations prohibiting the storage of unprotected Sensitive Personal Information.

45.     Defendants' failure to comply with the Act and/or industry standards and/or regulations constitutes negligence *per se*.

## COUNT IV
## BREACH OF CONTRACT

46.     The preceding factual statements and allegations are incorporated herein by reference.

47.     The Plaintiff and Class members were parties to actual or implied contracts with Target that required Target to properly safeguard their Sensitive Personal Information from theft, compromise and/or unauthorized disclosure.

48.     The Plaintiff and Class members also were third party beneficiaries to contracts and/or agreements by and between the Defendants and other card issuing banks, financial institutions and/or credit card associations/networks. These agreements required the Defendants to properly safeguard their Sensitive Personal Information from theft, compromise and/or unauthorized disclosure.

49.     The Defendants breached their agreements with Plaintiff and the Class members and/or other financial institutions or credit card associations by failing to properly safeguard their Sensitive Personal Information from theft, compromise and/or unauthorized disclosure. The Defendants' wrongful conduct constitutes breach of contract.

## COUNT V
## BAILMENT

50.     The preceding factual statements and allegations are incorporated herein by reference.

51.     The Plaintiff's and Class members' Sensitive Personal Information is their personal property, which they delivered to the Defendants for the sole and specific purpose of paying for the goods purchased from Target.

52. The Defendants accepted the Plaintiff's and Class members' Sensitive Personal Information. As bailees, the Defendants owed a duty to the Plaintiff and Class members and, in fact, had an express and/or implied contract with them, to use their Sensitive Personal Information only for that period of time necessary to complete their purchases and further, properly protect their Sensitive Personal Information from theft, compromise and/or unauthorized disclosure in the process.

53. The Defendants breached their duty and/or express and/or implied contracts with the Plaintiff and Class members by, *inter alia,* improperly storing and inadequately protecting their Sensitive Personal Information from theft, compromise and/or unauthorized disclosure, which directly and/or proximately caused the Plaintiff and Class members to suffer damages.

54. The Defendants' wrongful actions constitute breaches of their duty to (and/or express and/or implied contracts with) the Plaintiff and Class members arising from the bailment.

## **RELIEF REQUESTED**

55. The preceding factual statements and allegations are incorporated herein by reference.

56. ACTUAL DAMAGES. As a direct and/or proximate result of the Defendants' wrongful conduct, the Plaintiff and Class members have sustained (and will continue to sustain) actual damages in the form of

> (i) the unauthorized disclosure and/or compromise of their Sensitive Personal Information,
>
> (ii) monetary losses for fraudulent charges made on their accounts, and
>
> (iii) the burden and expense of credit monitoring. All of the Plaintiff's and Class members' damages were reasonably foreseeable by the Defendants.

57.     EQUITABLE RELIEF. The Plaintiff and Class members also are entitled to equitable relief to prevent any additional harm including, without limitation, provision of credit monitoring services for a period of time to be determined by the trier of fact and/or disgorgement of the profits Target earned during the holiday shopping season when it delayed notifying the Plaintiff and Class members of the Breach and/or the profits Target earned during the holiday shopping season in the form of fees and other compensation for processing Target's credit card, debit card and other financial transactions.

58.     ATTORNEYS' FEES AND EXPENSES. The Plaintiff and Class members also are entitled to recover their reasonable and necessary attorneys' fees, litigation expenses and court costs.

**WHEREFORE**, Plaintiff, on behalf of herself and all other similarly situated Class members, respectfully requests that this Court:

(i)     Certify this action as a class action pursuant to Rule 23(b)(1) and/or (b)(3) of the Federal Rules of Civil Procedure, appoint Plaintiff representatives of the Class, and appoint Plaintiff's counsel as Class Counsel;

(ii)    Enter judgment in favor of Plaintiff and the Class against the Defendants under the legal theories alleged herein;

(iii)   Award them actual damages and/or equitable relief in an amount to be determined by the trier of fact;

(iv)    Award them attorneys' fees, expenses and costs of suit;

(v)     Award them pre judgment and post-judgment interest at the maximum rate allowed by law;

(vi)    Incentive awards for the lead Plaintiff; and

(vii)   Such other and further relief as to this Court may deem necessary, just and proper.

### JURY TRIAL DEMANDED

Plaintiff, on behalf of herself and the Class members, respectfully demand a trial by jury on all issues so triable.

Dated:  December 19, 2013

                                             Respectfully submitted,

/s/ John L. Fink_____
John L. Fink BBO # 683290
1 Canal St. Suite 201
Lawrence, MA 01840
P: 508-887-0921
AttorneyFink@forghanylaw.com

**JTB LAW GROUP, LLC**

By: /s/ Jason T. Brown_____
Jason T. Brown (Will seek pro hac vice admission)
jtb@jtblawgroup.com
Gian M. Fanelli (Will seek pro hac vice admission)
gianmfanelli@jtblawgroup.com
155 2nd Street, Suite 4
Jersey City, NJ 07302
P: (201) 630-0000
F: (855) 582-5297

*Attorneys for Plaintiff*